THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WESTERN BOXED MEATS DISTRIBUTORS, INC., an Oregon corporation, and SAND DOLLAR HOLDINGS, INC.,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>WILLIAM L. PARKER, an individual; BRIAN M. PARKER, an individual; DOUBLE B FOOD DISTRIBUTORS, LLC, a Washington limited liability company; CAYTIE ZIELINSKI, an individual; BERNICE D. CAZARES, an individual; CHRISTOPHER MURPHY, an individual; CHRISTI SANCHEZ, an individual; MORGAN TORRES; an individual; and JOHN DOES 1 through 4,<br><br>　　　　　　　　Defendants. | No. 3:17-cv-05156-BHS<br><br>**DEFENDANTS' MOTION TO DISMISS**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**May 26, 2017** |

## I.   INTRODUCTION

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, — U.S. —, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013). The Employment Agreement for defendants William Parker and Brian Parker, which is attached to the plaintiffs' First Amended Complaint, contains a mandatory forum selection clause that was drafted by plaintiff Western Boxed Meats Distributors, Inc. ("WBX"). The

*Defendants' Motion to Dismiss (3:17-cv-05156-BHS)* - 1

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

forum selection clause requires this action to be brought in the "State Courts of Multnomah County, Portland, Oregon." WBX is an Oregon corporation with its principal place of business in Portland. This case is an employment-related dispute with WBX on one side, and its former employees on the other. Although some of the defendants' agreements with WBX do not contain forum selection clauses, unlike the agreement for the Parkers, the alleged conduct of the defendants is so closely related to the Parkers' employment with WBX that all the parties are subject to the forum selection clause. Furthermore, the defendants consent to jurisdiction and venue in Portland, so there can be no prejudice to plaintiffs by requiring them to prosecute this case in Portland.

Indeed, because plaintiffs have alleged their claims against each individual defendant, all of plaintiffs' claims will involve interpreting the Parkers' Employment Agreement. Consequently, each claim is subject to the forum selection clause in the Employment Agreement. Enforcing the forum selection clause will give the defendants the benefit of their bargain when they signed the Employment Agreement and conserve judicial resources by trying plaintiffs' thirteen claims in one action. Consequently, the defendants jointly request that this Court enforce the forum selection clause and dismiss the plaintiffs' complaint under the doctrine of *forum non conveniens*.

## II.     FACTS

Although the defendants dispute the plaintiffs' allegations, for the purposes of this motion, the allegations in the Complaint will be treated as true. WBX "is an Oregon corporation with its principal place of business in Portland, Oregon." Dkt. No. 8 ("Compl.") ¶ 3. WBX hired defendants William and Brian Parker (the "Parkers") as at-will employees and co-managers of a WBX office in Washington. *Id.* ¶ 16. In connection with that

hiring, and as a condition of their employment, the Parkers signed an Employment Agreement dated February 10, 2010 (the "Employment Agreement"). *Id.* ¶ 26.

The Employment Agreement set forth the terms of the Parkers' employment. *See* Dkt. No. 8-7. Among other things, the Employment Agreement provided the Parkers' compensation package, and dictated how the Parkers could properly use WBX's confidential, proprietary, and trade secret information. *Id.* at 3. The Employment Agreement also contained a forum selection clause that required disputes involving the Parkers' employment to be brought in the state courts of Multnomah County in Portland, Oregon:

> If any dispute should arise under this Agreement[,] the parties will first try and resolve it voluntarily but if they should fail to do so the matter will be resolved in the State Courts of Multnomah County, Portland, Oregon.

*Id*. at 4. The forum selection clause was drafted by WBX without input from the Parkers. Declaration of William L. Parker in Support of Motion to Dismiss ¶ 2.

After working for WBX for seven years, the Parkers resigned and formed their own business, Double B Food Distributors, LLC ("Double B"), on February 24, 2017. Compl. ¶ 35. Double B then hired the remaining defendants as employees. *See id*. ¶ 41. The remaining defendants had previously worked with the Parkers at WBX's office. *Id*. ¶ 22.

Despite the forum selection clause in the Employment Agreement, plaintiffs did not pursue an action in Oregon State Courts, but instead initiated this lawsuit on March 2, 2017, alleging, among other things, multiple breaches of the Employment Agreement. Dkt. No. 1. They filed their First Amended Complaint on March 16, 2017. Dkt. No. 8. The Employment Agreement was included as an attachment to both versions of plaintiffs' complaint. Dkt. Nos. 1-1, 8-7.

*Defendants' Motion to Dismiss (3:17-cv-05156-BHS) - 3*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Tel: (206) 623-1745 Fax: (206) 623-7789

## III. DISCUSSION

Because the Employment Agreement contains a mandatory forum selection clause designating a state court forum, the Court should dismiss the plaintiffs' complaint under the doctrine of *forum non conveniens*. *Atl. Marine Constr.*, 134 S. Ct. at 580. Plaintiffs bear the burden of showing why the Court should disregard the forum selection clause. *Id.* at 581. In the event of a challenge to the clause, the Court should consider only public-interest factors weighing against dismissal. *Id.* at 582. Federal courts refuse to enforce forum selection clauses "[o]nly under extraordinary circumstances unrelated to the convenience of the parties," and there are no extraordinary circumstances that prevent this dispute from being litigated in an Oregon State court. *Id.* at 581.

### A. THE EMPLOYMENT AGREEMENT CONTAINS AN ENFORCEABLE FORUM SELECTION CLAUSE.

WBX cannot meet its "heavy burden" to prove the forum selection clause is unenforceable. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996). Indeed, WBX will be hard pressed to argue the forum selection clause it drafted is unenforceable because WBX cannot "clearly show that enforcement would be unreasonable and unjust." *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972). Enforcement of the clause is appropriate because it did not result from fraud or overreaching, plaintiffs will be able pursue their claims in the state court where their principal place of business is located, and enforcement will not "contravene a strong public policy" of Washington or Oregon. *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) (en banc).

Although the Court may consider only the public interest factors when enforcing the forum selection clause, "those factors will rarely defeat a transfer motion, [so] the practical result is that forum selection clauses should control except in unusual cases."[1] *Atl. Marine Constr.*, 134 S. Ct. at 582. This is not an unusual case, and WBX cannot meet its burden to prove the public interest factors "overwhelmingly disfavor a transfer." *Id.* at 583.

### B. THE FORUM SELECTION CLAUSE APPLIES TO ALL OF PLAINTIFFS' CLAIMS.

Each of plaintiffs' thirteen claims involve interpretation of the Employment Agreement, so each claim is subject to the forum selection clause. *Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988). Plaintiffs' first claim (declaratory judgment) explicitly refers to "the enforceability of the terms of the Employment Agreement." Compl. ¶ 43. Their second claim (breach of contract) also involves an alleged breach of the Employment Agreement. *Id.* ¶ 56. Several of their claims, including the third (breach of covenant of good faith and fair dealing), fourth (breach of fiduciary duty), and sixth (tortious interference with economic relations), involve breaches of duties allegedly arising out of the Parkers' employment relationship with WBX. *Id.* ¶¶ 60, 64, 81. Most of their claims—the fifth (conversion), seventh (promissory estoppel), eighth (unjust enrichment), ninth (accounting), tenth (trade secret misappropriation), eleventh (violations of the Defend Trade Secrets Act), twelfth (violations of the Computer Fraud and Abuse Act), and thirteenth (injunctive relief)—are premised upon an alleged improper use of WBX's confidential information, and the Employment Agreement contains a clause regarding permitted use of

---

[1] The public interest factors include (1) the local interest in the action, (2) the Court's familiarity with the applicable law, (3) the burden on local courts, (4) congestion in the Court, and (5) the cost of resolving a dispute unrelated to this forum. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1147 (9th Cir. 2001).

WBX's confidential information. *Id*. ¶¶ 71-117; *see also* Dkt. No. 8-7 at 3. Because none of these claims "could go forward had the contract not existed," all are subject to the forum selection clause. *Adema Techs., Inc. v. Wacker Chem. Corp.*, 657 F. App'x 661, 662 (9th Cir. 2016) (holding conversion, aiding and abetting, and unjust enrichment claims were properly dismissed through enforcement of a forum selection clause); *see also Manetti-Farrow*, 858 F.2d at 511-14 (holding tortious interference with prospective economic advantage, breach of implied covenant of good faith and fair dealing, and unfair trade practices claims were properly dismissed pursuant to a forum selection clause).

### C.  THE FORUM SELECTION CLAUSE APPLIES TO ALL DEFENDANTS.

The forum selection clause should apply to plaintiffs' claims against each defendant, even though some of the defendants are not parties to the Employment Agreement. Where "the alleged conduct of the non-parties is so closely related to the contractual relationship" involving a forum selection clause "a range of transaction participants, parties, and non-parties, should benefit from and be subject to forum selection clauses." *Id*. at 514, n.5 (omitting internal quotations). Here, the alleged conduct of the defendants is essentially identical and tethered to the Parkers' employment with WBX. The foundation for plaintiffs' thirteen claims is that defendants are improperly competing with WBX and using WBX's confidential information as employees of Double B, which is owned by the Parkers. Compl. ¶¶ 34-41. As described above, this alleged conduct requires interpretation of the Parkers' Employment Agreement as well as the alleged contracts involving the remaining defendants, all of which contain similar clauses regarding permitted use of WBX's confidential information. *See id*. ¶ 45. The alleged conduct in this case is closely related to the Parkers' employment relationship with WBX, so the forum selection clause should apply to

*Defendants' Motion to Dismiss (3:17-cv-05156-BHS)* - 6

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

each defendant. *Manetti-Farrow*, 858 F.2d at 514, n.5. Moreover, because all the claims arise out of the same nucleus of operative fact, judicial resources will be conserved by trying plaintiffs' thirteen claims together in one action before the Oregon courts.

Additionally, the Ninth Circuit has recognized that where a forum selection clause binds only certain defendants, the forum selection clause may be enforced against the remaining defendants if they do not object to being governed by the clause and agree to submit to the jurisdiction of the designated forum. *TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990). Here, none of the defendants object to being governed by the forum selection clause, and they all agree to submit to the jurisdiction of the Oregon State court in Multnomah County. Consequently, "it is not unreasonable or unjust to enforce the clause even though some of them did not sign the agreement." *Id*.

## IV. CONCLUSION

WBX drafted the Employment Agreement to include a mandatory forum selection clause that required lawsuits based upon the contract to be brought in the state court in Portland, Oregon, its principal place of business. Plaintiffs have sued upon the Employment

//
//
//
//
//
//

*Defendants' Motion to Dismiss (3:17-cv-05156-BHS) - 7*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Tel: (206) 623-1745 Fax: (206) 623-7789

Agreement, but brought their claims in the wrong court. Defendants consequently request that this Court enforce the forum selection clause, and dismiss the plaintiffs' complaint so this action may be commenced in the state courts of Multnomah County in Oregon.

DATED this 4th day of May, 2017.

HILLIS CLARK MARTIN & PETERSON P.S.

By  *s/ Andrew G. Murphy*
Michael R. Scott, WSBA #12822
Andrew G. Murphy, WSBA #46664
Hillis Clark Martin & Peterson P.S.
999 Third Avenue, Suite 4600
Seattle, Washington  98104
Telephone:  (206) 623-1745
Facsimile:  (206) 623-7789
Email:  michael.scott@hcmp.com;
          andy.murphy@hcmp.com

Attorneys for Defendants
William L. Parker; Brian M. Parker; Caytie Zielinski; Bernice D. Cazares; Christopher Murphy; Christi Sanchez; Morgan Torres; and Double B Food Distributors, LLC

*Defendants' Motion to Dismiss (3:17-cv-05156-BHS)* - 8

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of May, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

DATED this 4th day of May, 2017, at Seattle, Washington.

By   *s/Andrew G. Murphy*
Andrew G. Murphy, WSBA #46664
Hillis Clark Martin & Peterson P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789
Email: andy.murphy@hcmp.com

ND: 22342.002 4834-5866-5543v2