UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WESTERN BOXED MEATS DISTRIBUTORS, INC., et al.,<br><br>                    Plaintiffs,<br>  v.<br><br>WILLIAM L. PARKER, et al.,<br><br>                    Defendants. | CASE NO. C17-5156 BHS<br><br>ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW |

      This matter comes before the Court on the motion for leave to withdraw of Defendants' counsel. Dkt. 30. The Court grants the motion.

      On August 10, 2017, Defendants' counsel moved to withdraw. Dkt. 30. On August 21, 2017, Plaintiffs filed a response in opposition to withdrawal. Dkt. 32. On August 25, 2017, Defendants' counsel replied. Dkt. 36. Notably, Defendants have not objected to the withdrawal. Plaintiffs contend that the withdrawal would unfairly prejudice them because they have outstanding discovery requests for which responses are due on September 5, 2017. Dkt. 32 at 2.

ORDER - 1

There are numerous factors the Court may consider "when evaluating a motion to withdraw, including (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Curtis v. Illumination Arts, Inc.*, C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014).

Defendants' counsel seeks to withdraw because Defendants are no longer capable of paying attorney fees. Dkt. 36 at 2. Courts regularly find that a client's inability to pay fees constitutes good cause for withdrawal of counsel. *See, e,g.*, *McNally v. Commonwealth Fin. Sys., Inc.*, 12-CV-2770-IEG MDD, 2013 WL 685364, at *1 (S.D. Cal. Feb. 25, 2013) ("Defendant's consent and inability to pay fees establish good cause for withdrawal."). Plaintiffs oppose the proposed withdrawal of counsel based primarily on the prejudice that they will supposedly face by delayed discovery responses. *See* Dkt. 32. Their arguments as to the other applicable factors are admittedly speculative and tenuous. *See id.*

Ultimately, the Court disagrees with Plaintiffs' analysis of the prejudice factor and finds that withdrawal is warranted. Should discovery responses not be timely produced by Defendants, Plaintiffs have sufficient means to cure any potential prejudice through the discovery-related Federal Rules of Civil Procedure. Plaintiffs have therefore failed to overcome the presumption that attorneys "will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case." W.D. Wash. Local Rules LCR 83.2(b)(1).

Additionally, it is important to note that, while the withdrawal of counsel could prejudice Defendant Double B Food Distributors, LLC, ("Double B"), Defendants have not objected to the motion to withdraw. The lack of any opposition to such motion is properly construed as an admission of merit. W.D. Wash. Local Rules LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). Counsel has already warned Double B that failure to promptly retain substitute counsel will risk the entry of default in this action. *See* Dkt. 31. Although the Court grants the motion to withdraw, it once again emphasizes the risk of default to Double B.

Therefore, the motion for leave to withdraw (Dkt. 32) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 31st day of August, 2017.

BENJAMIN H. SETTLE
United States District Judge